[No. D001410. Fourth Dist., Div. One. May 1, 1985.]

BONNIE L. WOOD, as Administratrix, etc., Plaintiff and Appellant, v. ANDREW KRIS McGOVERN, Defendant and Respondent.

## COUNSEL

Luce, Forward, Hamilton & Scripps, Gerald S. Davee and Sallie A. Estep for Plaintiff and Appellant.

Demler & Armstrong, Edison J. Demler, Robert Armstrong and Emmet Thornton for Defendant and Respondent.

## OPINION

**BUTLER, Acting P. J.**—Bonnie L. Wood, administratrix of the estate of her deceased son, Ronald David Wood, and her husband David Wood,[1] Ronald's father (collectively the Woods) appeal an order denying them attorney's fees under Code of Civil Procedure section 1021.4.[2] That section authorizes a court to award attorney's fees to a plaintiff who prevails in an action for damages against a defendant based upon that defendant's commission of a felony.

---

[1] David Wood is not a plaintiff in the superior court action. However, he is one of the parties named in the notice of appeal and for the limited purpose of this appeal we consider him an appellant.

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Andrew Kris McGovern was the drinking driver of a car in which his friend Ronald Wood was a passenger. The car went off the road, overturned and Ronald died of injuries sustained in the accident. Andrew pleaded guilty to a violation of Penal Code section 192, subdivision 3(a),[3] vehicular manslaughter, a felony. The parents then sued Andrew and recovered damages.

The accident happened before the effective dates of Proposition 8 and section 1021.4. The trial commenced after those effective dates. We shall hold section 1021.4 authorizes an award of attorney's fees in cases arising prior to its effective date, conclude the court failed to exercise its discretion under that section and reverse.

## I

Proposition 8, the Victims' Bill of Rights, adopted by the People at the June 8, 1982 Primary Election, was effective the following day and added section 28 to article I of the California Constitution. Section 28, subdivision (b) (section 28(b)) reads: "*Restitution.* It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.

"Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section."

Responsive to the initiative, the Crime Victim Restitution Program of 1983[4] called for legislative enactment of various measures to implement section 28(b). Section 1021.4 was added to the Code of Civil Procedure as a part of the Crime Victim Restitution Program to assist crime victims in obtaining restitution through civil actions: "In an action for damages against a defendant based upon that defendant's commission of a felony offense for which that defendant has been convicted, the court may, upon motion, award reasonable attorney's fees to a prevailing plaintiff against the defendant who has been convicted of the felony."[5]

---

[3]Now Penal Code section 192, subdivision (c)(3).

[4]See *Restitution for Crime Victims: The California Legislature Responds to Proposition 8* (1984) 14 Sw.U.L.Rev. at page 745, footnote 4.

[5]Statutes 1983, chapter 938, section 3, urgency measure approved September 20, 1983. Chapter 938 included amendments and additions to the Code of Civil Procedure giving preference to civil actions seeking damages from a defendant convicted of a felony (§ 37) and establishing the time within which such action must be commenced (§ 340.3). Chapter 938 amended provisions of the Government Code with respect to fees for filing such civil actions (§§ 26820.4, 72055).

Section 28, subdivision (a) (section 28(a)) of the California Constitution declares the intent of the people the enactment of comprehensive provisions and laws "ensuring a bill of rights for victims of crime" is a matter of grave statewide concern and then states in the second paragraph: "The rights of victims pervade the criminal justice system, encompassing *not only the right to restitution from the wrongdoers for financial losses suffered as a result of criminal acts,* but also the more basic expectation that persons who commit felonious acts causing injury to innocent victims will be appropriately detained in custody, tried by the courts, and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance." (Italics added.) Proposition 8 was designed to strengthen procedural and substantive safeguards for victims "in our criminal justice system." (*Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 247 [186 Cal.Rptr. 30, 651 P.2d 274].) ■ The Woods contend section 1021.4 providing an award of attorney's fees is procedural and has retroactive application.

## II

In the context of civil matters, statutory enactments providing for awards of attorney's fees made after the occurrence of an event and during the pendency of legal proceedings and appeals have been held to be applicable on various theories. *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 922 [102 Cal.Rptr. 248], held Government Code section 800, effective March 4, 1972, authorizing attorney fee awards to a prevailing party appealing administrative determinations found to be arbitrary or capricious, applicable to proceedings initiated prior to March 4, 1972, and pending on appeal as of that date. The court characterized section 800 "as an ancillary provision, creating no new cause of action. It is procedural only. A lawsuit is governed by a change in procedural rules made during its pendency, and the suit is pending until its final determination on appeal." (*Ibid.*) *Kievlan* v. *Dahlberg Electronics, Inc.* (1978) 78 Cal.App.3d 951 [144 Cal.Rptr. 585] held section 1021.5 authorizing an award of attorney's fees in cases involving enforcement of important rights affecting the public interest, effective January 1, 1978, applicable to proceedings tried in August 1975. The court cited and quoted *Olson* and held section 1021.5 did not create a new cause of action, "it is ancillary to the underlying cause." (*Id.,* at 959.) *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 932 [154 Cal.Rptr. 503, 593 P.2d 200], refers to *Olson* and *Kievlan* as being within an established line of authority[6] and held section 1021.5, enacted after the

---

[6]Code of Civil Procedure section 3 provides no part is retroactive "unless expressly so declared." *Olson* followed cases holding this presumption against statutory retrospective construction in the absence of clear legislative direction not applicable to provisions merely relating to remedies and modes of procedure. (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.* (1946) 29 Cal.2d 228, 233 [174 P.2d 441]; *Romero* v. *Hern* (1969) 276 Cal.App.2d 787,

trial in the case, applicable to proceedings then pending on appeal. The rule with respect to entitlement to attorney's fees in a wholly civil setting is clear. Attorney's fees in such setting may be awarded pursuant to entitling enactments so long as the enabling legislation was effective pending the finality of the proceedings.

## III

We consider whether that rule is applicable in the circumstances here presented. *People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149] holds Proposition 8 applies only to prosecutions for crimes committed on or after its effective date. (*Id.*, at p. 258.) As Proposition 8 refers only to a single subject (*Brosnahan* v. *Brown, supra,* 32 Cal.3d 236 at p. 253) and the section 28(a) legislative declarations of intent speak for the proposition as a whole (*People* v. *Smith, supra,* 34 Cal.3d 251 at p. 258), Andrew contends provisions adopted by the Legislature responsive to the section 28(b) mandate to implement that section are likewise prospective and may not be applied to causes of action arising before their effective dates.

## A.

Proposition 8 is a composite of substantive and procedural provisions. (*People* v. *Smith, supra,* 34 Cal.3d 251 at p. 260.) *Smith* held Proposition 8 applicable to prosecutions for crimes committed on or after its effective date for three reasons. First, as the electorate declared the purpose of Proposition 8 to be the deterrence of crime, the voters must have intended the measure to apply only to offenses that could be deterred (*id.*, at pp. 258-259). Second, if Proposition 8 were enacted to apply to crimes committed before its adoption, it might be ex post facto and violative of the California Constitution (art. I, § 9). (*Id.*, at p. 259.) Finally, so to construe Proposition 8 as prospective only avoids a number of "practical consequences adverse to the administration of justice and the right of fair trial." (*Id.*, at p. 262.)

*Smith*'s ex post facto exposition (*id.*, at pp. 259-262) illuminates difficulties perceived by the court in the characterization of Proposition 8 provisions as being "procedural" or "substantive." If the latter, ex post facto

---

791-792 [81 Cal.Rptr. 281].) Here, we have a legislative determination section 1021.4 is procedural. As noted, section 3 of chapter 938, Statutes 1983, enacted section 1021.4. Section 12 of that chapter recites facts constituting the necessity for its enactment as an urgency measure as the need to provide "the benefits of the *procedural changes* made by this act to litigants at the earliest possible time . . . ." (Italics added.)

prohibitions are involved. If the former, the questioned provision would apply as to crimes committed prior to the effective date.

Referring to *Brosnahan*, the *Smith* exposition notes provisions which are clearly substantive and those which are clearly procedural: "At the other end of the spectrum are provisions that are clearly procedural both in form and effect, and would not be ex post facto as to prior crimes. These include the clauses giving victims of crime a right to restitution (§ 3) and to appear at sentencing and parole hearings (§ 6), guaranteeing the 'right to safe schools' (§ 3), and requiring a prior felony conviction to be proved in open court when it is an element of a charged felony [citation]." (*Smith, supra,* at p. 261.)

We do not end our inquiry with the pronouncement the clauses giving victims of crime a right to restitution are procedural and look further into Proposition 8.

## B.

The Proposition 8 restitution rights afforded victims for the losses they suffer from the person convicted of crimes is the first of the two pillars upon which rests the Victims' Bill of Rights.

The preamble (Cal. Const., art. I, § 28, subd. (a)) recites the rights of victims pervade the criminal justice system. The first pillar encompasses: ". . . not only the right to restitution from the wrongdoers for financial losses suffered as a result of criminal acts" and the second pillar describes: ". . . but also the more basic expectation that persons who commit felonious acts causing injury to innocent victims will be appropriately detained in custody, tried by the courts, and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance."

Restitution rights are thus separately stated in the findings of the electorate from those provisions concerned with crime and criminal proceedings. In turn, section 28(b) concerning restitution is likewise in two parts. The first paragraph provides ". . . all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." The second paragraph requires restitution be ordered from convicted persons in every case regardless of sentence or disposition absent extraordinary or compelling reasons to the contrary.

We read the second paragraph to refer to crimes, criminal proceedings, convictions and sentencing or other dispositions. The restitution contemplated here would be, for instance, imposed as a condition of probation. In

any event, this latter restriction necessarily is concerned with criminal proceedings and we do not address the prospective or retroactive application of any Proposition 8 statutes implementing this mandate requiring restitution in criminal proceedings resulting in a conviction.

The first paragraph of section 28(b) contemplates rights of restitution in civil proceedings. The Legislature did not enact new causes of action to implement these rights of restitution. Section 1021.4 simply provides for the award of attorney's fees to a plaintiff who prevails in an action to recover losses occasioned by the commission of a felony by a convicted defendant.

As we have seen, the enactment of enabling legislation for the award of attorney's fees may occur at any time pending finality of judgment and is thus deemed to be retroactive. We find nothing in Proposition 8 or the implementing legislation on restitution and attorney's fees enacted under the umbrella of the Crime Victim Restitution Program of 1983 that compels a different result. Pre-Proposition 8, victims of crime could sue persons convicted of crime for damages. To add attorney's fees to the jury award of damages does not transmute the civil lawsuit into a criminal proceeding and resultant prospective application required by *Smith.*

We hold section 1021.4 applicable to proceedings instituted prior to its effective date, September 20, 1983, that have not been reduced to final judgment.

## IV

■ The Woods next correctly contend the trial court failed to exercise its discretion in denying attorney's fees under section 1021.4. After noting Ronald's fatal accident occurred "some time before the parties ever contemplated this lawsuit," the court remarked the Woods did not anticipate an award of attorney's fees when they contracted with counsel on a 40 percent contingency fee basis. Additionally, the court commented an award of attorney's fees would, in effect, increase the jury's damage award.

We address each of these remarks. Obviously, the experienced trial judge knew the lawsuit was filed after the accident. We construe his remark, as did the parties, as his holding section 1021.4 was inapplicable to causes arising before its enactment. We likewise consider the comment the Woods did not expect an award as the trial judge's understanding their contingency fee contract predated enactment of section 1021.4. Finally, the judge's comment a fee award would simply increase the jury award referred to the obvious economic impact of a fee award as to Andrew. In addition to lia-

bility for jury-awarded damages, Andrew would be saddled with an additional obligation to pay attorney's fees. In legal contemplation, an award of attorney's fees in cases such as this is a part of the judgment. The fee award does not result in an increase in the amount of damages awarded by the jury and included in the judgment. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 116, 118, pp. 3268, 3269.)

While economic impact may be a consideration in determining an attorney fee award, as we later discuss, here the court's holding consideration of the award was retrospectively barred compels the conclusion discretion was not exercised.

## V

Andrew contends Proposition 8 is directed solely at deterrence of "malicious" felonies and punishment of predatory criminals; section 1021.4 relates only to the victims of such felonies committed by those criminals; as he was convicted of vehicular manslaughter, an unlawful killing without malice (now Pen. Code, § 192, subd. (c)(3)) and the offense necessarily included his gross negligence, section 1021.4 is not applicable. Andrew further argues the jury finding Ronald was 30 percent at fault demonstrates Ronald was not an innocent victim of crime entitled to Proposition 8 restitution benefits.[7]

Those arguments address the exercise by the trial court of its discretion in awarding section 1021.4 attorney's fees. On remand, we assume the court will consider those issues, the 40 percent contingency fee arrangement between the Woods and their counsel and the usual factors employed in the fixing of fees.

Other considerations occur to us. Section 28(b) gives persons who suffer losses as a result of criminal activity the right to restitution. Section 1021.4 implements this restitution right by including an award of attorney's fees to such persons who prevail in an action for damages against the felon-defendant.

Contingent fee contracts are usual in personal injury and wrongful death cases. Section 1021.4 in the context of Proposition 8 is suggestive the award is exclusively to the person suffering loss and not includable within the basis on which the contingency is computed. We have held in a recently published

[7]While Ronald was a victim of the offense, his parents are the persons who suffered losses as a result of the commission by Andrew of the crime of felony drunk driving and are persons with the right to restitution (Cal. Const., art. I, § 28, subd. (b)).

decision the award of attorney's fees in inverse condemnation cases is not barred by a contingency fee contract between the condemnee and counsel. That contract is a factor to consider in the award. (*Salton Bay Marina, Inc.* v. *Imperial Irrigation Dist.* (1985) 165 Cal.App.3d 952 [212 Cal.Rptr. 701].) Aware of the varied circumstances out of which will bloom section 1021.4 problems, we venture no views on these hypotheticals. We take small bites of the Proposition 8 apple.

Reversed and remanded for further proceedings with respect to the Woods' motion for section 1021.4 award of attorney's fees.

Lewis, J., and Lester, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.