Filed 1/17/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PETER HENRI DRAGONES III, | B329659 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 22PDRO00962) |
| v. | |
| KERRY CALKINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy Martella, Judge.  Affirmed.

David D. Diamond for Plaintiff and Respondent.

Law Office of Boice & Associates and Bruce A. Boice for Defendant and Appellant.

_____

In 2022, Kerry Calkins and Peter Henri Dragones III[1] sought domestic violence restraining orders against each other. The trial court granted Dragones's request for a restraining order and denied Calkins's request. In early 2023 Dragones moved for attorney's fees pursuant to Family Code section 6344.[2] The court granted the motion, awarding $6,000 in attorney's fees to Dragones. Calkins appeals from the fee order.

Section 6344 provides authority for courts to award attorney's fees to prevailing parties in actions brought pursuant to the Domestic Violence Prevention Act (§ 6200 et seq.). While this case was pending in the trial court, the Legislature repealed the prior version of section 6344 and enacted a new section 6344, effective January 1, 2023. The new statute makes it easier for a prevailing petitioner to obtain fees, and harder for a prevailing respondent to obtain fees. The parties contend that the prior version of section 6344 applies. We hold that the current version of section 6344 applies retroactively to all cases pending on its effective date, including this case. Notwithstanding the presumption against retroactive application of new statutes, amendments to the Family Code are governed by section 4, which establishes a general rule of retroactivity. Additionally, attorney fee statutes are procedural in nature, and a newly enacted attorney fee statute applies to cases pending on its effective date.

---

[1] On appeal and in the trial court, the parties (including respondent's counsel) spell the respondent's name as both "Dragones" and "Dragonas." It is not clear which is the correct spelling. Because the case is captioned "Dragones," we use that spelling throughout.

[2] Undesignated statutory references are to the Family Code.

The trial court did not abuse its discretion in awarding attorney's fees under the new statute.

## FACTUAL AND PROCEDURAL BACKGROUND

Calkins and Dragones were in a dating relationship when, on the night of June 30, 2022, they had a fight that gave rise to the restraining orders at issue in the underlying case. Dragones alleged, among other things, that Calkins punched or elbowed him in the face during a physical altercation and that Calkins poured water on him and his bed. Dragones videotaped the water-pouring incident. Calkins acknowledged the water-pouring incident, but denied she punched or elbowed Dragones, contending instead that Dragones was the primary aggressor in the physical altercation.

Each party filed a request for a domestic violence restraining order against the other, and the court consolidated the matters and held a hearing on September 7, 2022. At the hearing, Dragones was represented by counsel and Calkins was not. After hearing testimony from both parties, the court granted Dragones's request for a restraining order and denied Calkins's request for a restraining order. The court explained that it was issuing a one-year restraining order against Calkins based on the videotaped water-pouring incident, finding that Calkins "actually start[ed] the battering part when [she threw] the water on him." As to the physical altercation, the court found both parties "got in a physical tussle at the door."

The court denied Calkins's request for a restraining order on the basis that "the court doesn't find sufficient evidence to issue a restraining order" protecting Calkins. The court

3

reiterated that both parties sustained bruises because they "both got into a physical altercation."

On January 26, 2023, Dragones filed a motion for attorney's fees in the amount of $13,659 pursuant to section 6344. Dragones argued that he was entitled to fees as the prevailing petitioner in his request for a restraining order and as the prevailing respondent in Calkins's request for a restraining order. In support of the motion, Dragones filed a declaration from counsel explaining the attorney's fees Dragones had incurred. Dragones did not submit any evidence of his income or his ability to pay attorney's fees.

Calkins, for the first time represented by counsel, filed an opposition to the motion for attorney's fees arguing that the motion should be denied because Dragones had the ability to pay his own attorney's fees and Calkins lacked the ability to pay Dragones's fees. Calkins also argued that the amount of fees requested was unreasonable. With her opposition, Calkins filed a declaration stating that she earned $3,082 the prior month and that Dragones typically earned more than $20,000 per month.

The motion for attorney's fees was heard on March 24, 2023. The court ordered Calkins to pay Dragones attorney's fees in the amount of $6,000. The order contemplates that Calkins would pay the fees in monthly installments in an amount to be negotiated by the parties.

## DISCUSSION

A.    *The Current Version of Section 6344 Applies to This Case*

Calkins's appeal is premised on the assumption that the fee order in this case is governed by the former version of

4

section 6344 that was in effect in 2022, when the restraining orders were litigated and decided, and not the version of the statute in effect in 2023, when the attorney fee motion was filed and decided. Under the former statute, a prevailing petitioner's right to recover attorney's fees depended on the petitioner's demonstrated inability to pay fees and a disparity in income between the parties. The statute provided, for actions brought pursuant to the Domestic Violence Prevention Act:

"(a) After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party.

(b) In any action in which the petitioner is the prevailing party and cannot afford to pay for the attorney's fees and costs, the court shall, if appropriate based on the parties' respective abilities to pay, order that the respondent pay petitioner's attorney's fees and costs for commencing and maintaining the proceeding. Whether the respondent shall be ordered to pay attorney's fees and costs for the prevailing petitioner, and what amount shall be paid, shall be determined based upon (1) the respective incomes and needs of the parties, and (2) any factors affecting the parties' respective abilities to pay." (Former § 6344, added by Stats. 2004, ch. 472, § 6, eff. Jan. 1, 2005.)

By the time Dragones filed his January 26, 2023 motion for attorney's fees, former section 6344 had been repealed and replaced by the current version of section 6344 (see Stats. 2022, ch. 591, §§ 1-2), which requires the court to award fees to a prevailing petitioner, subject only to the respondent's ability to pay. The newly enacted statute obviates the need for a prevailing petitioner to show inability to afford attorney's fees and

5

eliminates the requirement to show a disparity in access to funds. Effective January 1, 2023, section 6344 provides:

"(a) After notice and a hearing, a court, upon request, shall issue an order for the payment of attorney's fees and costs for a prevailing petitioner.

(b) After notice and a hearing, the court, upon request, may issue an order for the payment of attorney's fees and costs for a prevailing respondent only if the respondent establishes by a preponderance of the evidence that the petition or request is frivolous or solely intended to abuse, intimidate, or cause unnecessary delay.

(c) Before a court awards attorney's fees and costs pursuant to this section, the court shall first determine pursuant to Section 270 that the party ordered to pay has, or is reasonably likely to have, the ability to pay." (§ 6344, added by Stats. 2022, ch. 591, § 2, eff. Jan. 1, 2023.)

The trial court did not explain which version of the statute it applied when awarding attorney's fees to Dragones. Both parties argued in the trial court and on appeal that this case is governed by the former version of the statute. In support of this contention, the parties recite the general presumption that new statutes do not apply retroactively. Neither party suggests that applying the current version of section 6344 in this case would be unfair, impair any vested rights, or violate due process.

We review de novo whether a statute applies retroactively. (*In re Marriage of Fellows* (2006) 39 Cal.4th 179, 183 (*Fellows*).) We conclude that the current version of section 6344 applies retroactively and governs the attorney fee motion in this case. As we explain, statutes operate retroactively if "'the Legislature plainly intended them to do so'"; here, the Legislature has

decreed that Family Code revisions are presumptively retroactive.  (*Fellows*, at p. 183*,* quoting *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243.)  Further, it is well established that a newly enacted statute that modifies the standard for awarding attorney's fees applies to cases pending on its effective date.  (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 931 (*Woodland Hills*).)

   1. *Newly enacted provisions of the Family Code*
     *generally apply retroactively*

   In section 4 of the Family Code, the Legislature expressed its intention that newly enacted provisions of the Family Code presumptively apply to cases pending on the effective date. Section 4, subdivision (c), provides:  "Subject to the limitations provided in this section, the new law applies on the operative date to all matters governed by the new law, regardless of whether an event occurred or circumstance existed before, on, or after the operative date, including, but not limited to, commencement of a proceeding, making of an order, or taking of an action."  Section 4, subdivision (d), further provides:  "If a document or paper is filed before the operative date, the contents, execution, and notice thereof are governed by the old law and not by the new law; but subsequent proceedings taken after the operative date concerning the document or paper, including an objection or response, a hearing, an order, or other matter relating thereto is governed by the new law and not by the old law."  "'New law'" includes any amendment, addition, or repeal of a provision of the Family Code.  (§ 4, subd. (a)(1)(B).)  Section 4 provides for limited exceptions to the general presumption of retroactivity where retroactive application would alter an

existing duty or impair vested rights. (See *id.*, subds. (f) & (h).) Section 4 "establishes that amendments to the Family Code apply retroactively unless otherwise provided by law." (*Fellows*, *supra*, 39 Cal.4th at p. 186.)

In *Fellows*, *supra*, 39 Cal.4th 179, a father sought to vacate a 17-year-old child support order on the ground of laches. (*Id.* at p. 182.) A laches defense would have been valid at the time the award was entered, but the Legislature subsequently amended the Family Code to eliminate the defense of laches. (*Id.* at p. 185.) The Supreme Court held that Family Code section 4 establishes that, "as a general rule, future changes to the Family Code apply retroactively." (*Fellows*, at p. 186; see *In re Marriage of Kelkar* (2014) 229 Cal.App.4th 833 [following *Fellows* and affirming retroactive application of Family Code provision that establishes a presumption against awarding spousal support to spouse convicted of domestic violence].) Finding there was no applicable exception to the section 4 presumption of retroactivity, the *Fellows* court held that the amended statute eliminating the laches defense applies retroactively. (*Fellows*, at pp. 187-190.)

Section 6344, like the amended statute in *Fellows*, does not expressly state whether it applies retroactively. Therefore, pursuant to section 4, we presume retroactivity unless one of the statutory exceptions applies. We analyze the two potentially relevant exceptions to the presumption of retroactivity: Section 4, subdivisions (f) and (h).

Section 4, subdivision (f), provides, "No person is liable for an action taken before the operative date that was proper at the time the action was taken, even though the action would be improper if taken on or after the operative date, and the person has no duty, as a result of the enactment of the new law, to take

8

any step to alter the course of action or its consequences." This section has no application here because Calkins's liability for attorney's fees does not arise from any action she took prior to 2023 that was "proper at the time the action was taken." (§ 4, subd. (f).) Her liability stems from her acts of domestic violence. Both before and after the enactment of the current version of section 6344, Calkins was under a duty not to engage in acts of domestic violence. The change in Section 6344 did not alter that duty.

Section 4, subdivision (h), provides an exception for circumstances where "application of a particular provision of the new law or of the old law in the manner required by this section or by the new law would substantially interfere with the effective conduct of the proceedings or the rights of the parties or other interested persons in connection with an event that occurred or circumstance that existed before the operative date." This exception is characterized by *Fellows* as the codification of the rule that, "[e]ven in the face of specific legislative intent, retrospective application is impermissible if it 'impairs a vested . . . right without due process of law.'" (*Fellows*, *supra*, 39 Cal.4th at p. 189.) Here, neither party contends that retroactive application would impair vested rights or violate due process. And rightly so. The newly enacted provision merely changes the standard under which a prevailing party can obtain an award of attorney's fees. As we explain, statutes that modify the standard for awarding attorney's fees are procedural in nature, and the application of such statutes to a pending case does not violate fundamental rights.

9

2. *New attorney fee statutes apply to pending cases*

It has long been recognized that a new statute governing the standard for awarding attorney's fees applies to actions pending on the statute's effective date. In *Woodland Hills*, *supra*, 23 Cal.3d at page 931, the Supreme Court held that newly enacted Code of Civil Procedure section 1021.5 (permitting an award of attorney's fees under a private attorney general theory) applied to a case pending on appeal at the time the legislative enactment became effective. The *Woodland Hills* decision rests on a long line of cases holding that newly enacted attorney fee provisions apply to cases pending in the trial court or on appeal "on the effective date of the statutes." (*Woodland Hills*, at pp. 931-932; see *Olson v. Hickman* (1972) 25 Cal.App.3d 920 [newly enacted statute permitting award of attorney's fees in mandamus actions applies to administrative mandamus action pending on appeal when the attorney's fees statute was enacted].)

Since *Woodland Hills*, California courts have consistently held that "statutory provisions that alter the recovery of attorney fees are deemed procedural in nature and apply to pending litigation." (*USS-Posco Industries v. Case* (2016) 244 Cal.App.4th 197, 201 (*USS-Posco*); see *California Housing Finance Agency v. E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508, 1512-1513 [applying revised Health and Safety Code attorney fee provision to pending case, where code was amended during trial to provide for an award of attorney's fees and costs to the prevailing party]; *Mir v. Charter Suburban Hospital* (1994) 27 Cal.App.4th 1471, 1477-1478 [Business and Professions Code section 809.9, which took effect after trial court judgment became final, allowed for award of fees incurred both before and after effective date of statute]; *ARA Living Centers-*

10

*Pacific, Inc. v. Superior Court* (1993) 18 Cal.App.4th 1556, 1562 [applying Welfare and Institutions Code section 15657, which was amended during trial court proceedings to allow prevailing plaintiff to obtain attorney's fees in elder abuse cases]; *Harbor View Hills Community Assn. v. Torley* (1992) 5 Cal.App.4th 343, 350 [holding new Civil Code attorney fee provision applies to case pending on appeal and rejecting contention that such application would "deprive either party of a matured right"]; *Wood v. McGovern* (1985) 167 Cal.App.3d 772, 774-776 [Code of Civil Procedure section 1021.4, allowing fees against defendant who is convicted of a felony for the conduct giving rise to the civil suit, applies to suits pending when it became effective]; *Estate of Schuster* (1984) 163 Cal.App.3d 337, 341 [applying revised probate attorney fee provision to pending case and holding, "Statutes authorizing attorneys' fees are applicable to cases in which an appeal is pending, even if only as to the attorney fee issues, on the effective date of the statute"].)

Most recently, in *USS-Posco*, the court considered the retroactive application of an amended Labor Code provision that curtailed a prevailing employer's ability to recover attorney's fees in a dispute over nonpayment of wages. (*USS-Posco*, *supra*, 244 Cal.App.4th at p. 215.) There, the employer had prevailed on summary judgment, and the employer's fee motion was pending on the effective date of the statutory amendment. (*Ibid*.) Surveying the case law on the retroactive application of attorney fee statutes and other statutes affecting the recovery of costs, the court held that the amended attorney fee provision applied

11

because the case was pending when the statute was amended. (*Ibid.*)[3]

In light of the general presumption of retroactive application of new provisions of the Family Code, and the long line of cases establishing that newly enacted attorney fee statutes apply to cases pending on the effective date, we hold that the current version of section 6344 applies to cases pending on its January 1, 2023, effective date, including this case.

B.      *The Court Did Not Abuse Its Discretion in Awarding Fees*

The new statute mandates an award of attorney's fees to a prevailing petitioner in an action brought pursuant to the Domestic Violence Prevention Act, subject only to the trial court's consideration of the respondent's inability to pay. (§ 6344, subds. (a) & (c).) Calkins contends that the trial court failed to

---

[3]      The *USS-Posco* court pointed out an anomaly in the case law: Courts applying an amended attorney fee statute to a case currently pending do not deem such application "'retroactive'"; instead, they term such application "'prospective'" because an attorney fee statute is deemed to address a "'procedural' matter that is 'prospective' in character and thus not at odds with the general presumption against retroactivity." (*USS-Posco, supra,* 244 Cal.App.4th at p. 219.) Courts have consistently adhered to this terminology, even though, as the *USS-Posco* court noted, "legislation changing when attorney fees are available could readily be said to change the legal consequences of past conduct and substantially affect preexisting rights and obligations." (*Id.* at pp. 217-218.) Notwithstanding the oddity in nomenclature and its potential for masking a material change in rights and obligations, the *USS-Posco* court followed the well-established rule, applying the amended Labor Code attorney fee statute to the pending case. (*Id.* at p. 221.)

12

consider salient financial circumstances when it issued the attorney fee award, and that the award is too high.

"We apply an abuse of discretion standard in reviewing the amount of an attorney fee award. [Citation.] '[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.' [Citation.] 'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.'" (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.)

Calkins argues that the attorney fee order must be reversed because the trial court failed to consider her inability to pay Dragones's fees, and that the resulting fee order "shocks the conscience." Calkins submitted a declaration in the trial court showing that in the prior month she had earned $3,082 (an increase from her 2022 earnings) and that, after expenses, she had only a small amount of disposable income. She thus demonstrated a very limited ability to pay attorney's fees. She did not, however, show that she was unable to afford any amount in fees. The trial court awarded $6,000 in fees, less than half of the $13,659 requested by Dragones. The order contemplates that Calkins will pay the fees in installments, rather than a lump sum. This was not an abuse of discretion and does not demonstrate that the award was the result of passion or prejudice. The reduced fee amount and the installment structure indicate that the fee award resulted from the court's exercise of

13

discretion after considering the facts of the case, including Calkins's limited income. (*See Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134.) Should Calkins find herself unable to afford the installment payments, she can file an appropriate request to modify the installment payments, with sufficient facts to demonstrate her inability to pay.

Calkins also argues that the court abused its discretion because Dragones failed to show that he cannot afford to pay his own fees and because Dragones earns substantially more money than she does. However, the operative version of section 6344 eliminates the requirement that a prevailing petitioner demonstrate inability to pay attorney's fees and a disparity in the parties' income. Accordingly, the trial court did not abuse its discretion in awarding attorney's fees in the absence of that showing.[4]

---

[4] Because we affirm the trial court's order awarding fees to Dragones as a prevailing petitioner, we need not address whether the court could also have awarded fees to Dragones as a prevailing respondent.

## DISPOSITION

The order awarding attorney's fees is affirmed.  Dragones is entitled to recover his costs on appeal.


EVENSON, J.*

We concur:


FEUER, Acting P. J.


MARTINEZ,  J.

---

*        Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.