[No. A059421. First Dist., Div. Two. Nov. 23, 1993.]

DAVID A. et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
JANE D., Real Party in Interest.

## COUNSEL

Nossaman, Guthner, Knox & Elliott, Patrick J. Richard and Kurt W. Melchior for Petitioners.

No appearance for Respondent.

Belli, Belli, Brown, Monzione, Fabro & Zkaria and Kevin R. McLean for Real Party in Interest.

Dawn M. Schock as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

KLINE, P. J.—This writ proceeding raises the question whether an adult plaintiff, whose claim for damages for childhood sexual abuse lapsed in 1988 under then-governing law, may take advantage of the liberalized statute

of limitations enacted in 1990. We have concluded that the statutory amendments of 1990 did not revive previously lapsed claims and that this action is therefore untimely. We direct issuance of a writ of mandate.

## I.

In her amended complaint, plaintiff/real party in interest alleges that her two stepbrothers and a neighbor boy sexually assaulted her in 1974, when she was seven years old. Some 18 years later, in April 1992, she filed this action against the 3 alleged assailants. Also joined were the neighbor's parents on a theory of vicarious liability under Civil Code section 1714.1.[1] Defendants demurred to the amended complaint on the ground that it was barred by the statute of limitations. The court overruled the demurrer. This petition followed.

## II.

Most claims for personal injuries are subject to a one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).)[2] For injuries suffered during childhood, the statute is tolled until the plaintiff reaches majority on his or her 18th birthday. (§ 352, subd. (a).) In effect the deadline for filing suit is the plaintiff's 19th birthday.

Since 1987, claims based on childhood sexual abuse have been governed by section 340.1. As originally enacted, that statute permitted any claim based on sexual abuse by family or household members to be brought at any time up until the plaintiff's 21st birthday.[3] The statute preserved any right the plaintiff might have to take advantage of rules for delayed accrual. (§ 340.1, subd. (d).) By its terms, it applied to actions pending on its

---

[1] It is implicit in this theory that the neighbor boy, at least, was a minor at the time of the assault. (See Civ. Code, § 1714.1.) The complaint does not otherwise disclose the ages of the defendants.

[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[3] Former section 340.1 provided in part: "(a) In any civil action for injury or illness based upon lewd or lascivious acts with a child under the age of 14 years, fornication, sodomy, oral copulation, or penetration of genital or anal openings of another with a foreign object, in which this conduct is alleged to have occurred between a household or family member and a child where the act upon which the action is based occurred before the plaintiff attained the age of 18 years, the time for commencement of the action shall be three years.

"· · · · · · · · · · · · · · · · · · · · · · · ·

"(d) Nothing in this bill [sic] is intended to preclude the courts from applying delayed discovery exceptions to the accrual of a cause of action for sexual molestation of a minor.

"(e) This section shall apply to both of the following:

effective date. (§ 340.1, subd. (e)(2).) Most importantly, it explicitly applied to "any action which would be barred by application of the period of limitation applicable prior to January 1, 1987." (§ 340.1, subd. (e)(1).) This language had the unmistakable effect of reviving claims which had lapsed under prior law.[4]

In 1990 the Legislature amended section 340.1.[5] For the most part the amendments had the effect of further liberalizing the statute of limitations applicable to claims based on childhood sexual abuse. Thus the statute now applies to all claims based on such abuse, not just those against household or family members. The deadline for commencing suit has been extended to the plaintiff's 26th birthday or even later so long as suit is filed within 3 years after the date on which the plaintiff knows, or should know, of psychological injury resulting from the abuse. (§ 340.1, subd. (a).) In contrast to the original statute, however, the 1990 version does not expressly refer to claims which would be barred under prior law. (§ 340.1, subds. (k), (*l*).)

Plaintiff's claims first lapsed in 1986 when she reached her 19th birthday. They were revived on January 1, 1987, when the original section 340.1 took effect. However, they again lapsed in 1988, when plaintiff turned 21. The

"(1) Any action commenced on or after January 1, 1987, including any action which would be barred by application of the period of limitation applicable prior to January 1, 1987.

"(2) Any action commenced prior to January 1, 1987, and pending on January 1, 1987." (Stats. 1986, ch. 914, § 1, pp. 3165-3166.)

[4]We use the term "lapsed" to describe a cause of action against which the limitations period has run, but which no court has adjudicated. To describe such a claim as "barred" is imprecise because it suggests a kind of automatic extinction. In fact the statute confers a personal defense which the defendant may relinquish by action or inaction. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 314, p. 345.) The claim is not "extinguished" until a court so adjudicates it. (See *Nelson* v. *Flintkote Co.* (1985) 172 Cal.App.3d 727, 732 [218 Cal.Rptr. 562].)

[5]Section 340.1 provides in part: "(a) In any action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever occurs later.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(d) Every plaintiff 26 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (e).

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(k) The amendments to this section enacted at the 1990 portion of the 1989-90 Regular Session shall apply to any action commenced on or after January 1, 1991.

"(*l*) Nothing in the amendments specified in subdivision (k) shall be construed to preclude the courts from applying equitable exceptions to the running of the applicable statute of limitations, including exceptions relating to delayed discovery of injuries, with respect to actions commenced prior to January 1, 1991."

question is whether they were again revived on January 1, 1991, when the current version of section 340.1 took effect.

## III.

Whenever the Legislature liberalizes a statute of limitations, the question is likely to arise whether the new rule applies to claims which had lapsed under the predecessor statute or whether such claims remain subject to the defense of limitations. For years courts questioned the Legislature's *power* to revive a claim after it had lapsed. (See 1 Witkin, Cal. Procedure (1967 supp.) Actions, § 98, p. 284 [question described as "unsettled"].) There has recently developed, however, a judicial consensus that the Legislature can revive an otherwise lapsed cause of action, at least if it rests on common law and is not entirely a creature of statute. (*Liebig* v. *Superior Court* (1989) 209 Cal.App.3d 828, 832 [257 Cal.Rptr. 574], review den. [explicit revival in original § 340.1 held effective]; *Nelson* v. *Flintkote Co.*, *supra*, 172 Cal.App.3d 727, 734 [within Legislature's power to revive lapsed causes of action by enacting new rule of limitations for asbestos-related injuries]; see *Blakey* v. *Superior Court* (1984) 153 Cal.App.3d 101, 106 [200 Cal.Rptr. 52]; *Campbell* v. *Holt* (1885) 115 U.S. 620 [29 L.Ed. 483, 6 S.Ct. 209] [no federal constitutional impediment]; *Chase Securities Corp.* v. *Donaldson* (1945) 325 U.S. 304, 315-316 [89 L.Ed. 1628, 1636-1637, 65 S.Ct. 1137] [same].)

This does not mean, however, that every liberalization of a statute of limitations will revive lapsed claims. Revival may unfairly disturb expectations formed in reliance on preexisting law. (See *Gallo* v. *Superior Court* (1988) 200 Cal.App.3d 1375, 1378 [246 Cal.Rptr. 587]; *Douglas Aircraft Co.* v. *Cranston* (1962) 58 Cal.2d 462, 465-466 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298].) Indeed it may, in a particular case, effect such a grave infringement of settled interests as to violate due process. (See *Douglas Aircraft Co.*, *supra*, at pp. 464, 465.) This possibility favors an interpretation that will avoid potential constitutional questions. (*Id.*, at p. 465.)

Moreover, a statute of limitations grants prospective defendants relief from the burdens of indefinite exposure to stale claims. By reviving lapsed claims, the Legislature may appear to renege on this promise. As Judge Hand wrote, there may be something "unfair and dishonest" in after-the-fact withdrawal of this legislative assurance of safety. (*Falter* v. *United States* (2d Cir. 1928) 23 F.2d 420, 425-526, quoted in *Gallo* v. *Superior Court*, *supra*, 200 Cal.App.3d at p. 1379; see *Douglas Aircraft Co.*, *supra*, 58 Cal.2d at pp. 465-466.)

■ Accordingly, a legislative change in the statute of limitations is presumed *not* to revive lapsed claims unless the amending act expressly mandates such an effect. (*Gallo* v. *Superior Court, supra*, 200 Cal.App.3d at p. 1378; *Barry* v. *Barry* (1954) 124 Cal.App.2d 107, 112 [268 P.2d 147].) If the Legislature wishes to revive lapsed claims, it should so declare in "unmistakable terms." (See *Douglas Aircraft Co., supra*, 58 Cal.2d at p. 466.) Otherwise such claims will be left to lie in repose. If an attempt to assert them is met by timely interposition of a defense of limitations, they will be dismissed.

IV.

■ Plaintiff contends that her claim was revived by subdivision (k) of section 340.1, which states that the 1990 amendments apply to *"any action commenced on or after January 1, 1991."* (Italics added.) According to plaintiff, the "literal meaning and effect" of this language is to extend the amendments to *all* claims asserted after the effective date, including those which had lapsed under prior law.

This contention places far too much weight on the dictionary meaning of the term "any," specifically its sense of "without restriction" or "indiscriminately." (Webster's Ninth New Collegiate Dict. (1984) p. 93.) We have elsewhere emphasized that the meaning of words depends on their particular context and objectives. (*Leslie Salt Co.* v. *San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575]; *Duty* v. *Abex Corp.* (1989) 214 Cal.App.3d 742, 751 [263 Cal.Rptr. 13], review den.) "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." (*Towne* v. *Eisner* (1918) 245 U.S. 418, 425 [62 L.Ed. 372, 376, 38 S.Ct. 158].)

Here the circumstances do not support plaintiff's view that the phrase "any action" in subdivision (k) of section 340.1 refers to lapsed claims. From a comparison of the amended statute to its predecessor, it appears that subdivision (k) is derived from former subdivision (e). The latter contained an explicit and unmistakable declaration that the statute *would* operate to revive lapsed claims. Subdivision (k) differs from former subdivision (e) primarily in its *omission* of this language. Subdivision (k) is, in essence, a reenactment of subdivision (e) *without* its reference to lapsed claims. (See fns. 3, 4, *ante*.) This comparison alone seems to preclude a determination that subdivision (k) explicitly or unmistakably revives lapsed claims.

Moreover, the evolution of the 1990 amendments suggests a legislative reluctance to permit the further revival of lapsed claims. Three early versions

of the bill contained reviving language identical to that of the original statute. (Assem. Amend. to Sen. Bill No. 108 (1989-1990 Reg. Sess.) Feb. 6, 1989, Aug. 21, 1989 and Jan. 31, 1990.) This language was subsequently deleted and replaced by a provision permitting the assertion of lapsed claims only if accompanied by a certificate of merit. (Assem. Amend. to Sen. Bill No. 108 of Jan. 31, 1990.) Eventually, all reference to lapsed claims was deleted, and subdivisions (k) and (*l*) of section 340.1 were added in their present form. (Sen. Bill No. 108 as adopted Aug. 20 and 21, 1990.)

The question of revival was thus squarely before the Legislature, which adopted a progressively restrictive approach before eliminating all reference to lapsed claims. The necessary inference is that the Legislature chose not to provide for revival. It is therefore impossible to agree with plaintiff that the unmistakable purpose of section 340.1, subdivision (k) is the revival of lapsed claims.

## V.

Implying that section 340.1, subdivision (k) would have no effect if it were not construed to revive lapsed claims, plaintiff invokes the principle that courts strive to avoid an interpretation which renders statutory language useless, meaningless or superfluous. (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054, A.L.R.4th 1720].) However, subdivision (k) has an apparent purpose apart from the revival of lapsed claims: to prevent application of the 1990 amendments to actions already filed when the amendments took effect.[6] This effect is achieved indirectly, by declaring that the amendments *will* apply to actions filed *after* the effective date. The express inclusion of one class of actions implies the exclusion of others under the interpretational principle, "'*expressio unius est exclusio alterius*'" (to express one thing is to exclude others). (See *In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1087 [12 Cal.Rptr.2d 875], review den.)

Further evidence that section 340.1, subdivision (k) exists to exclude pending actions is found in subdivision (*l*). It provides in effect that existing rules for delayed accrual remain applicable to pending actions. The apparent assumption is that plaintiffs in those actions may not avail themselves of the new rule for delayed accrual adopted as part of the 1990 amendments. (§ 340.1, subd. (a).)

---

[6]One court has so understood section 340.1, subdivision (k), at least in dictum. (*Marsha V.* v. *Gardner* (1991) 231 Cal.App.3d 265, 274 [281 Cal.Rptr. 473].)

The oblique language of section 340.1, subdivision (k) is admittedly unclear. But that is not a problem to which we are unaccustomed. As has been noted, a statute "is not an equation or a formula representing a clearly marked process, nor is it an expression of an individual thought to which is imparted the definiteness a single authorship can give. A statute is an instrument of government partaking of its practical purposes but also of its infirmities and limitations, of its awkward and groping efforts." (Frankfurter, *Some Reflections on the Reading of Statutes* (1947) 47 Colum.L.Rev. 527, 528, quoted in *Leslie Salt Co., supra,* 153 Cal.App.3d at p. 613, fn. 10.) Among the "infirmities and limitations" of the legislative process is its occasional predilection for the euphemizing ambiguity that renders a difficult or controversial policy determination less conspicuous. Courts strive to resolve such ambiguities through neutral principles of interpretation without regard to the underlying policy issues.[7] Here, the applicable principle requires us to resolve the ambiguity *against* the revival of lapsed claims. As we have explained, the statute before us is insufficiently explicit to permit the result sought by plaintiff and reached by the court below.

## VI.

Under our holding, a claim must be viewed as untimely if the following conditions are met: (1) the plaintiff reached age 21 before the amended section 340.1 took effect on January 1, 1991; (2) the suit was filed after the plaintiff reached age 21; and (3) the claim is not subject to postponed accrual.

Here the first two conditions appear on the face of the pleadings. Defendants' demurrers must therefore be sustained unless a basis for postponed accrual appears. The amended complaint merely alleges that plaintiff was "unable to proceed" with the action earlier due to "the emotionally traumatic and difficult nature of this case." This allegation is not sufficient to invoke any of the usual grounds for postponed accrual, e.g., delayed discovery of the facts or delayed occurrence of damage. (See 3 Witkin, Cal. Procedure, *op. cit. supra,* Actions, §§ 354-357, pp. 382-386.) The superior court erred in overruling the demurrer.

Let a peremptory writ of mandate issue directing the Superior Court of the City and County of San Francisco to vacate its order overruling the demurrer

---

[7]Thus the brief of amicus curiae California Women Lawyers, devoted to policy arguments favoring the revival of lapsed claims for childhood sexual abuse, is addressed to the wrong body. It is not for us to decide whether such claims should be revived. It is only for us to decide whether the Legislature has revived them.

to the amended complaint and to enter a new order sustaining the demurrer without leave to amend.

Smith, J., and Benson, J., concurred.

A petition for a rehearing was denied December 16, 1993, and the petition of real party in interest for review by the Supreme Court was denied February 24, 1994.