CORRIGAN, J., Dissenting.
I respectfully dissent. The majority concludes that plaintiffs’ claims had to be brought in 2003, even though they had not yet been discovered. It relies on the rule that an enlarged limitations period will not apply to lapsed claims unless the Legislature employs express *991 language of revival. However, Code of Civil Procedure section 340.1, subdivision (c) does expressly revive lapsed claims, including plaintiffs’.[1] The question before us is not whether the Legislature intended a retroactive application of the 2002 amendments. Plainly, it did. The question is whether all revived claims are subject to the one-year window period specified in section 340.1(c). The majority holds that they are. I disagree.
In 2002, all child molestation claims against third party defendants were barred after a plaintiff reached the age of 26. (Former § 340.1, subd. (b), as amended by Stats. 1998, ch. 1032, § 1, p. 7785.) The age 26 limitation is still the general rule. However, in the amendments now before us, effective January 1, 2003, the Legislature extended the limitations period by creating an exception to the age-26 cutoff for claims against some third parties. (§ 340.1, subd. (b)(2), added by Stats. 2002, ch. 149, § 1, pp. 752-753.) Plaintiffs over the age of 26 now have three years from the date they discover an adult psychological injury to bring suit against a limited class of third party defendants: those who knew or should have known about child molestation by an employee or agent and failed to take remedial action. (§ 340.1, subds. (a) & (b)(2).)[2]
The 2002 Legislature also revived lapsed claims, providing in section 340.1(c): “any claim . . . that is permitted to be filed pursuant to paragraph (2) of subdivision (b) that would otherwise be barred as of January 1, 2003, solely because the applicable statute of limitations has or had expired, is revived, and, in that case, a cause of action may be commenced within one year of January 1, 2003.” The claims revived by section 340.1(c) are those held by plaintiffs who reached the age of 26 before January 1, 2003. These claims “would otherwise be barred as of January 1, 2003.” (§ 340.1(c).) Although the Legislature provided a one-year window period for bringing suit, section 340.1(c) also included a savings clause: “Nothing in this subdivision shall be construed to alter the applicable statute of limitations period of an action that is not time barred as of January 1, 2003.” (Italics added.)
In my view, plaintiffs’ claims are exempted from the window period by the savings clause. As of January 1, 2003, they were not time-barred; “the applicable statute of limitations period” at that point was three years from *992 the date of discovery. (§ 340.1(c).) The clause imposing a one-year window period “shall [not] be construed to alter” that limitations period. (Ibid.) The claims that were time-barred as of January 1, 2003, and therefore subject to the window period, were those already discovered by plaintiffs over the age of 26. “[T]he applicable statute of limitations” for these claims was the one in effect at the time of discovery, and they were revived only for the window period. (Ibid.) Later-discovered claims, however, are “not time barred as of January 1, 2003” and the window period does not alter the limitations period in effect when they are discovered. (Ibid.) The majority suggests this analysis attributes a revival effect to section 340.1, subdivision (a). (Maj. opn., ante, at p. 973.) It does not. The first sentence of section 340.1(c) expressly revives plaintiffs’ claims, and the second sentence takes them out of the window period.
The majority reasons that the first and second sentences of section 340.1(c) use the same terms, and therefore must address the same category of claims. (Maj. opn., ante, at p. 973.) However, the Legislature actually employed significantly different phrasing in the revival and savings clauses of section 340.1(c). All lapsed claims are covered by the revival clause, because they “would otherwise be barred” as of that date. (§ 340.1(c), italics added.) That is, but for the 2002 amendments, they would have been barred. However, in the savings clause the Legislature did not refer to claims “otherwise barred,” or claims that would have been barred under former law.[3] Instead, it preserved claims “not time barred as of’ the effective date of the new limitations period, thereby allowing claims accruing on or after that date to be brought under the new limitations scheme. (§ 340.1(c).)
Thus, plaintiffs’ claims are timely under the terms of section 340.1 and the ordinary rules of accrual. The discovery rule provides that a cause of action accrues, and the statute of limitations is triggered, when the plaintiff “has, or should have, inquiry notice of the cause of action.” (Fox v. Ethicon Endo-Surgery, Inc. (2005) 35 Cal.4th 797, 807 [27 Cal.Rptr.3d 661, 110 P.3d *993 914].) The Legislature was familiar with the application of the discovery rule in this context, from its experience with earlier amendments discussed in David A. v. Superior Court (1993) 20 Cal.App.4th 281 [24 Cal.Rptr.2d 537] (David A.). The David A. plaintiff tried to revive her lapsed claim under a provision stating only that the 1990 amendments applied to “any action commenced on or after January 1, 1991.” (Former § 340.1, subd. (k), added by Stats. 1990, ch. 1578, § 1, p. 7552; see David A., at p. 286.) The court rejected the attempt, observing that the legislative history showed the Legislature had not meant to revive lapsed claims, and that the “oblique” statutory language could not be construed to revive lapsed claims without contravening the rule of construction requiring express language of revival. (David A., at pp. 286-288.)[4]
However, the David A. court went on to state that its holding would not apply to a claim subject to postponed accrual, and to note that the pleadings before it were insufficient to support a claim of delayed discovery. (David A., supra, 20 Cal.App.4th at p. 288.) Accordingly, in 2002 the Legislature had every reason to believe that, as in David A., future claims subject to postponed accrual would be governed by the limitations period in effect at the time of discovery. By expressly reviving lapsed claims, and limiting the one-year window period to claims that were time-barred as of January 1, 2003, the Legislature allowed the discovery rule to operate in its normal fashion on all revived claims.
Nevertheless, the majority concludes that the one-year window specified in section 340.1(c) applies to all revived claims, whether or not they were discovered in time for the plaintiff to sue. I find this reading problematic; it would make little sense for the Legislature to revive and then foreclose claims that could not be pursued because the plaintiffs were unaware of their injuries.
The majority’s construction leads to anomalous results. All plaintiffs younger than 26 on January 1, 2003, are free to sue within three years of the *994 date they discover their injuries, even if they make that discovery at an advanced age. Plaintiffs over the age of 26 who had discovered their injuries before January 1, 2003, were permitted to sue within the one-year window created by section 340.1(c), no matter how long ago they were molested. Thus, a plaintiff molested in 1960 at the age of 12, who discovered his or her injury in 2002 at the age of 54, would be able to sue during the window period. Under the majority’s reading, however, section 340.1(c) bars suit by a plaintiff molested in 1988 at the age of 12, who discovered his or her injury in 2004 at the age of 28. This claim is more recent and the injury was discovered at an earlier age than the hypothetical claim based on a 1960 molestation. Nevertheless, under the majority’s holding the older claim would be viable and the younger claim barred. It seems unlikely that the Legislature would single out one class of plaintiffs for arbitrary treatment, depriving them of any opportunity to sue upon discovery of their injuries while allowing other plaintiffs who suffer the same kind of injury a reasonable time after discovery to seek redress.
The majority invokes the rule requiring express revival of lapsed claims, which developed from the concern that extending a limitations period to expired claims deprives defendants of their interest in repose. (Douglas Aircraft Co. v. Cranston (1962) 58 Cal.2d 462,465-466 [24 Cal.Rptr. 851, 374 P.2d 819].) Because of the disruptive impacts of such extensions, we will not apply a newly enlarged limitations period to claims that had lapsed under the former statute unless the Legislature “expressed] itself in unmistakable terms.” (Id. at p. 466.) Ordinarily, the question before the court is whether the Legislature intended the amended period to apply retroactively to any lapsed claims. That was the case in Douglas Aircraft Co., supra, 58 Cal.2d at page 466, in David A., supra, 20 Cal.App.4th at page 287, and in the cases cited by the majority for the general rule, with one exception that is unlike the case before us.[5]
However, in section 340.1(c) the Legislature did revive lapsed claims, in unmistakable terms. Whether it then subjected all those claims to a limited one-year window period is a separate question. In answering that question, we should keep in mind that section 340.1(c), like section 340.1, subdivision (b)(2), “is a remedial statute that the Legislature intended to be construed broadly to effectuate the intent that illuminates section 340.1 as a whole; to expand the ability of victims of childhood sexual abuse to hold to account *995 individuals and entities responsible for their injuries.” (Doe v. City of Los Angeles (2007) 42 Cal.4th 531, 536 [67 Cal.Rptr.3d 330, 169 P.3d 559].)
The majority’s reading of section 340.1(c) contravenes the remedial purpose of tiie 2002 amendments. It is not a grammatically unreasonable reading, but its effects are manifestly unreasonable. The alternative reading set out here is consistent with the language of the statute and does not lead to anomalous results. Insofar as the terms of section 340.1(c) are ambiguous, we may consult the legislative history to clarify their meaning. (Shirk v. Vista Unified School Dist. (2007) 42 Cal.4th 201, 211 [64 Cal.Rptr.3d 210, 164 P.3d 630].)
As the majority observes, the legislative history shows that the savings clause of section 340.1(c) was borrowed from another revival statute, enacted in 2000.[6] Section 340.9 revived certain lapsed insurance claims arising from the 1995 Northridge earthquake, and included the following caveat: “Nothing in this section shall be construed to alter the applicable limitations period of an action that is not time barred as of the effective date of this section.” (§ 340.9, subd. (c).) In Cordova v. 21st Century Ins. Co. (2005) 129 Cal.App.4th 89 [28 Cal.Rptr.3d 170] (Cordova), the court held that this language preserved claims shielded from the statute of limitations by the doctrine of equitable estoppel. (Id. at pp. 98-100.)
The majority reasons that the parallel terms of section 340.1(c) must have the same meaning. The 2002 Legislature did not, of course, have the benefit of the Cordova decision when it adopted the terms of section 340.9, subdivision (c) for use in the savings clause before us. However, I agree with the majority that a claim subject to equitable estoppel or any other tolling mechanism would be preserved under section 340.1(c). But it does not follow that this is the only function of the savings clause: “Nothing in this subdivision shall be construed to alter the applicable statute of limitations period of an action that is not time barred as of January 1, 2003.” (§ 340.1(c).) As discussed above, this language is fairly read to mean that the one-year window period does not apply to plaintiffs over the age of 26 who discover their injuries on or after January 1, 2003. “[A]s of that date, their claims are not barred by “the applicable statute of limitations period,” which is the three-year period provided in section 340.1, subdivision (a). (§ 340.1(c), italics added.)
The bill history of the 2002 amendments does not suggest the Legislature meant to restrict the savings clause of section 340.1(c) to tolled claims. In *996 Cordova, the court consulted the legislative history of section 340.9 and found it replete with indications that the statute was enacted in response to reports of rampant mishandling of claims by insurers, of the sort that would support application of the equitable estoppel doctrine. (Cordova, supra, 129 Cal.App.4th at pp. 102-107.) There is little in the legislative history of section 340.1(c) to suggest a similar concern. There is much, however, that demonstrates the Legislature’s focus on the injustice of denying relief to adult survivors of childhood sexual abuse who discover their psychological injuries after the statute of limitations has run.
The history shows that the Legislature was motivated by concern that “any lawsuit against a responsible third party is absolutely time-barred after the victim passes his 26th birthday. This arbitrary limitation unfairly deprives a victim from seeking redress, and unfairly and unjustifiably protects responsible third parties from being held accountable for their actions that caused injury to victims.”[7] As explained in a bill analysis, the 2002 amendments “would provide those victims who discovered their adulthood trauma after age 26, whose action has been barred by the current statute of limitations, a one-year window to bring a case against a third party that otherwise would be time-barred.”[8] (Italics added.)
The majority reads this language to include all 26-year-old plaintiffs, both those who have discovered and those who will discover their injuries. (Maj. opn., ante, at pp. 985-986.) However, the bill analysis uses the past tense to describe injuries that have been discovered. It cannot fairly be read to include victims who would later discover their trauma, after the one-year window period had expired. The majority’s reading of section 340.1(c) does not give such victims a one-year window, as the Legislature contemplated. They could not sue before their injuries were discovered. Under the majority’s analysis, the Legislature revived their claims for nought. Upon discovery, they are subject to the absolute time bar that the Legislature meant to lift.
The majority acknowledges materials stating: “People who discover their adulthood trauma from the molestation after the effective date of the bill will have three years from the date the victim discovers or reasonably should have discovered that the adulthood trauma was caused by the childhood abuse.”[9] This plain language demonstrates the Legislature’s understanding that the *997 discovery rule provided in section 340.1, subdivision (a) would apply to claims arising after January 1, 2003. If the Legislature had meant to say that “people who turn 26 on or after the effective date of the bill will have three years” from the date of discovery to sue, surely it would have stated that important qualification, either here, elsewhere in the documentation of the bill history, or indeed in the statute itself. It did not. The absence of any such qualification strongly supports the conclusion that when the Legislature specified in section 340.1(c) that nothing in the revival clause should be “construed to alter the applicable statute of limitations period of an action that is not time barred as of January 1, 2003,” it meant that anyone discovering a claim after 2002 would have three years to sue. (Cf. Cordova, supra, 129 Cal.App.4th at p. 106 [noting absence in legislative history of any indication that Legislature intended to exclude equitable remedies].)
The majority deflects the import of this passage in the legislative history by observing that it appears under the subheading “Prospective application.” The majority notes that the same materials, under the heading “Retroactive application and revival of lawsuits,” state that “the bill would create a one-year window for victims to bring a lawsuit that would otherwise be barred by the age 26 limitation.” (Maj. opn., ante, at p. 987.) The majority does not quote the next sentence, however: “This is fair because the statute should not protect those responsible from being held liable.”[10] The majority’s reading of section 340.1(c) does protect responsible third party defendants, and arbitrarily maintains the age 26 limitation for one class of plaintiffs.[11]
In any event, the majority’s distinction between prospective and retroactive application of the new limitations period does not undermine the viability of plaintiffs’ claims. While in one sense any application of a new statute of limitations to a lapsed claim is “retroactive,” the discovery rule makes it possible for a new limitations period to govern revived claims that accrue after the effective date of the new statute. It was entirely reasonable for the Legislature to anticipate that the 2002 amendments would apply prospectively as of January 1, 2003, to claims accruing on or after that date, and retroactively to claims discovered before that date.
*998 Accordingly, I would affirm the Court of Appeal’s judgment. Plaintiffs’ claims were unquestionably revived by section 340.1(c). To hold that they were alive only for the calendar year 2003, even though they had not been discovered, is inconsistent with the broadly remedial intent underlying the 2002 amendments. It leaves one class of plaintiffs without a remedy, while allowing similarly situated plaintiffs to sue. The statutory language does not compel this unfair and anomalous result. The savings clause in section 340.1(c) may reasonably be read to include plaintiffs’ claims in the expanded scope of the new limitations period in effect as of January 1, 2003.

 Further statutory references are to the Code of Civil Procedure. Hereafter, I refer to section 340.1, subdivision (c) as section 340.1(c).

 Due to the exception provided in section 340.1, subdivision (b)(2), the limitations period provided in section 340.1, subdivision (a) applies to claims by plaintiffs over the age of 26 against the designated class of third party defendants: “within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse.”

 In this respect, the 2002 Legislature departed from its past practice in framing revival provisions for section 340.1(c). In 1986, 1994, and 1999, it spoke only in terms of claims that would have been barred by the previously existing statutes of limitations. (See former § 340.1, subd. (e), added by Stats. 1986, ch. 914, § 1, pp. 3165, 3166 [reviving “any action which would be barred by application of the period of limitation applicable prior to January 1, 1987’ (italics added)]; former § 340.1, subd. (o), added by Stats. 1994, ch. 288, § 1, pp. 1928, 1930, now § 340.1, subd. (r) [reviving “any action otherwise barred by the period of limitations in effect prior to January 1,1991” (italics added)]; former § 340.1, subd. (s), added by Stats. 1999, ch. 120, § 1, pp. 1735, 1738-1739, now § 340.1, subd. (u) [reviving “any action or causes of action which would have been barred by the laws in effect prior to January 1, 1999” (italics added)].)
The majority reads section 340.1(c) as if it continued the pattern of the earlier revival clauses, treating all lapsed claims alike. But because the Legislature used different terms in 2002, it is reasonable to conclude that it intended a different result.

 The Legislature promptly responded to David A. by amending section 340.1 to make it plain that “The amendments to this section enacted at the 1990 portion of the 1989-90 Regular Session [(i.e., the amendments at issue in David A.)] shall apply to any action commenced on or after January 1, 1991, including any action otherwise barred by the period of limitations in effect prior to January 1, 1991, thereby reviving those causes of action which had lapsed or technically expired under the law existing prior to January 1, 1991.” (Former § 340.1, subd. (o), added by Stats. 1994, ch. 288, § 1, pp. 1928, 1930, now § 340.1, subd. (r).)
In my view, the majority’s reading of section 340.1(c) invites a similar repudiation by the Legislature. (See 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 464, p. 587.) For these plaintiffs, however, that would be cold comfort, as their claims will have been finally resolved. (See § 340.1, subd. (d); Perez v. Roe 1 (2006) 146 Cal.App.4th 171, 188 [52 Cal.Rptr.3d 762].)

 In Krupnick v. Duke Energy Morro Bay (2004) 115 Cal.App.4th 1026 [9 Cal.Rptr.3d 767], the Legislature specified that victims of the 9/11 terrorist attacks were entitled to retroactive application of an expanded limitations period for personal injury actions. The plaintiff was not a member of that class, and did not try to bring himself with the scope of the express revival provisions. (Id. at pp. 1028-1029.) Here, on the other hand, plaintiffs’ claims were expressly revived.

 Senate Committee on the Judiciary, third reading analysis of Senate Bill No. 1779 (2001-2002 Reg. Sess.) as amended June 17, 2002, page 4; Assembly Committee on Judiciary, Analysis of Senate Bill No. 1779 (2001-2002 Reg. Sess.) as amended June 6, 2002, page 7.

 Senate Committee on the Judiciary, third reading analysis of Senate Bill No. 1779, supra, as amended June 17, 2002, pages 3-4 (included in Assem. Floor Analysis of Sen. Bill No. 1779 (2001-2002 Reg. Sess.)); see also Assembly Committee on Judiciary, Background Information Worksheet on Senate Bill No. 1779, June 5, 2002, page 1.

 Senate Committee on the Judiciary, Analysis of Senate Bill No. 1779 (2001-2002 Reg. Sess.) as amended May 2, 2002, for hearing on May 7, 2002, page 6.

 Assembly Committee on Judiciary, Background Information Worksheet on Senate Bill No. 1779, supra, page 0.

 Assembly Committee on Judiciary, Background Information Worksheet on Senate Bill No. 1779, supra, page 0.

 The majority’s interpretation also creates an arbitrary limitation in the operation of the one-year window period. A discovery late in the 2003 calendar year would be difficult to bring to the attention of an attorney in time to file suit. While this is a normal aspect of statutes of limitations, section 340.1 is notable for its generous limitation periods, allowing suit within eight years of the age of 18 or three years of the date of discovery, whichever is later. (§ 340.1, subd. (a).) A one-year window period for lapsed claims operates sensibly for claims discovered before the window opens, but becomes increasingly impractical as the window period passes.