**INSURANCE COMPANY OF
NORTH AMERICA, a
corporation, Plaintiff-Appellant,**

v.

**Donald Harry MOORE, et al.,
Defendant-Appellant.**

**No. 85–1830.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1985.

Decided Jan. 14, 1986.

Designated for Publication
March 7, 1986.

John E. Droeger, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for plaintiff-appellant.

Allan B. O'Connor, Santa Cruz, Cal., for defendant-appellee.

Before BROWNING, Chief Judge, TANG, Circuit Judge, and WILLIAMS *, District Judge.

PER CURIAM:

Appellee Donald Moore sank his boat at sea to collect the insurance. He pleaded no contest to felony insurance fraud. Appellant Insurance Company of North America (INA) sued Moore for the amounts paid to the bank and Mrs. Moore, as well as interest, attorney's fees and investigative costs. The district court granted summary judgment for INA for part of the principal amount paid, but denied recovery of prejudgment interest, attorney's fees and investigative costs. INA appealed these denials.

* The Honorable David W. Williams, District Judge for the Central District of California, sit-

*Prejudgment Interest*

■ The district court erred in denying prejudgment interest. Under paragraph 4 of the "union mortgage" provision of the insurance contract, INA assumed all rights of the bank to the extent that INA was required to pay off the mortgage. The amended complaint, paragraph 10, stated a cause of action based on the theory of assignment to INA of the bank's rights pursuant to this provision of the insurance contract. Included in the bank's rights was the right to receive interest at the rate fixed by the mortgage note until the principal amount was repaid.

Moore argues that INA moved for and obtained summary judgment on the ground of fraud, not assignment under the contract. However, INA's memorandum in support of its motion for summary judgment stated:

> The sum paid to the Bank of America was owed to the bank because under plaintiff's policy the bank's interest was not affected by DONALD'S breach of warranty; i.e., the bank's interest was in effect separately insured under the policy's "union mortgage clause."

This argument obviously rested on a theory of recovery based on the contract independent of the insured's fraud.

Under the assignment provision of the contract, INA is entitled to prejudgment interest at the note rate on the amount INA paid to the bank.

*Attorney's Fees and Investigative Costs*

■ A covenant of good faith and fair dealing implied in insurance contracts is often relied on by California courts to hold insurers liable for attorney's fees incurred as a result of bad-faith denials of payment. *Brandt v. Superior Court*, 37 Cal.3d 813, 817, 210 Cal.Rptr. 211, 693 P.2d 796 (1985). INA argues the implied covenant of good faith and fair dealing places a corresponding duty on the insured, and an insured who breaches the duty of good faith and fair dealing therefore may be held liable

ting by designation.

for attorney's fees and investigative costs. The district court refused to award attorney's fees under this theory because the issue "was never adjudicated in this case." INA's complaint does not allege breach of an implied covenant of good faith and fair dealing. The district court did not err in refusing to award relief on this unpleaded cause of action even if summary judgment against Moore on the basis of fraud necessarily implied that Moore had also breached its duty of good faith.

 California follows the general American rule that each party must bear its own fees absent an express agreement or statutory provision to the contrary. *Gray v. Don Miller & Associates,* 35 Cal.3d 498, 504, 198 Cal.Rptr. 551, 674 P.2d 253 (1984); Cal.Civ.Proc.Code § 1021 (West 1980). California cases allowing attorney's fees against insurers who breach the implied covenant of good faith are an exception to this general rule. *Gray* refused "to extend their holdings to a noninsurance context and to hold ... that a defrauded plaintiff is entitled to attorney fees against a defendant solely because he stands in a fiduciary relationship to the plaintiff." *Gray,* 35 Cal.3d at 507 n. 5, 198 Cal.Rptr. 551, 674 P.2d 253.

Finally, INA seeks attorney's fees under Cal.Civ.Proc.Code § 1021.4 (West Supp. 1985), which reads:

> In an action for damages against a defendant based upon that defendant's commission of a felony offense for which that defendant has been convicted, the court may, upon motion, award reasonable attorney's fees to a prevailing plaintiff against the defendant who has been convicted of the felony.

Although Moore pleaded no contest to a felony count of insurance fraud, the court refused to award fees under section 1021.4, stating:

> Furthermore, upon a review of the record, the court concludes that it should not use its discretion to award attorneys' fees pursuant to California Code of Civil Procedure Section 1021.4.

INA correctly contends the district court's failure to state reasons for its exercise of statutory discretion requires remand. Unless it is clear from the record that the district court's exercise of discretion was based on consideration of the relevant factors, *see United States v. Carruth,* 699 F.2d 1017, 1022 (9th Cir.1983); *A.J. Industries, Inc. v. United States District Court,* 503 F.2d 384, 389 (9th Cir.1974), we cannot review the decision "for abuse of discretion 'without benefit of the lower court's reason for deciding as it did.'" *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir.1980), quoting *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980); *see also Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984); *United States v. Columbia Broadcasting System, Inc.,* 666 F.2d 364, 371–72 (9th Cir.1982); *Subscription Television, Inc. v. Southern California Theatre Owners Association,* 576 F.2d 230, 234 (9th Cir.1978).

 Moore argues section 1021.4 cannot be applied to this case because it went into effect after the events in this case took place. Section 1021.4 is to be applied to all cases in which final judgment was entered after the section's effective date, *Wood v. McGovern,* 167 Cal.App.3d 772, 778, 213 Cal.Rptr. 498 (1985), and the final judgment in this case was entered after the effective date of section 1021.4.

On remand, the district court should enter an award of prejudgment interest at the note rate on the amount paid to the bank by INA. The district court should also evaluate INA's claim for attorney's fees under section 1021.4 and, if fees are denied, state the reasons for the denial.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.