GENERAL METALS OF TACOMA, INC., a Washington corporation; Arkema, Inc., a Pennsylvania corporation, Plaintiffs—Appellees,

v.

BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; Bean Dredging LLC, a Louisiana limited liability company, Defendants—Appellants.

No. 07–35314.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 12, 2008.

John P. Evans, Esquire, Mark M. Myers, Esquire, Mary H. Spillane, Esquire, Williams Kastner & Gibbs, PLLC, Marisa M. Bavand, Esquire, Groff Murphy Trachenberg & Everard, PLLC, Seattle, WA, for Plaintiffs–Appellees.

Kevin J. Craig, Esquire, William F. Cronin, Esquire, Corr Cronin Michelson Baumgardner & Preece LLP, Seattle, WA, Kenneth W. Masters, Esquire, Charles K. Wiggins, Esquire, Wiggins & Masters, Bainbridge Island, WA, for Defendants–Appellants.

Appeal from the United States District Court for the Western District of Washington, Ronald B. Leighton, District Judge, Presiding.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM *

The central argument of Bean Environmental and Bean Dredging (collectively

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bean) is that the jury instructions and verdict form did not give Bean a fair opportunity to defeat the breach of contract claim by General Metals and Arkema (collectively HHCG), on the theory of material innocent misrepresentation.

■ Bean did not raise material innocent misrepresentation as an affirmative defense in its answer. Nor did Bean's proposed Instruction No. 32 correctly present this theory. In any event, Bean did not preserve the issue, for it failed to object to the district court's failure to give this instruction. The district court did instruct the jury on the negligent misrepresentation and fraud theories that Bean urged. Bean did not object to Instruction No. 11, which set out Bean's affirmative defenses.

Federal Rule of Civil Procedure 51(c)(1) provides that "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Assignments of error are limited, under Rule 51(d)(1), to instructional errors properly objected to, and to failures to give instructions that were properly requested. We can find nothing in the record demonstrating that proposing a clear and correct instruction or objecting to the instructions given, based upon the material innocent misrepresentation theory, would have been a futile formality. *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 714–15 (9th Cir.2001). Because Bean did not request a clear and correct instruction on material innocent misrepresentation, and did not object or take exception to the court's omission of its proposed instruction or the court's instruction on Bean's affirmative defenses, the objection was not preserved. *Cf. id.* at 714; *McGonigle v. Combs*, 968 F.2d 810, 823–24 (9th Cir.1992).

■ Although Bean did not object to the jury instructions, Bean did object to the verdict form on various grounds. One objection was that the form did not allow the jury to find for Bean based on the defense of material innocent misrepresentation. It is hard to say that Bean's remarks regarding the verdict form stated "distinctly" the matter objected to, but we assume for the purposes of discussion that the objection was distinct enough. *See* Fed.R.Civ.P. 51(c)(1). Nevertheless, without an instruction correctly explaining to the jury the material innocent misrepresentation theory, a question on the verdict form asking whether the jury agreed with it would have been confusing rather than helpful. *Cf. United States v. 20832 Big Rock Dr.*, 51 F.3d 1402, 1408 (9th Cir.1995) (noting the judge's broad discretion in determining the content of the verdict form). The district court's formulation of the verdict form was within its discretion. *See id.*

In order to find for HHCG, the jury necessarily found under Instruction No. 11(1)(d) "[t]hat the HHCG performed or offered to perform its obligations under the contract." One such obligation, under Section 4.02(A) of the Standard General Conditions, was that HHCG represented that it had "fully disclosed to [Bean] any information that HHCG knows or has reason to suspect concerning the existence of Contaminants at the Project Site." The jury's verdict necessarily establishes that HHCG did disclose any information that it knew or had reason to know concerning the existence of the asbestos. This determination by the jury fully responded to the affirmative defenses stated in the answer and for which Bean requested proper instructions. Thus, any error would not have affected Bean's substantial rights. *See* Fed.R.Civ.P. 51(d)(2).

Thus, the jury was fully and adequately instructed regarding the defenses raised

and instructions requested, and the material innocent misrepresentation theory cannot be assigned as error under Federal Rule of Civil Procedure 51. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir.2001); *cf. Ins. Co. of N. Am. v. Moore*, 783 F.2d 1326, 1328 (9th Cir.1986) (finding no error in the district court's refusal to award relief on an unpleaded cause of action).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.