**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIM KRONZER,

Plaintiff - Appellant,

v.

GARY HINTZ,

Defendant - Appellee.

No. 11-16494

D.C. No. 3:10-cv-01270-BZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Bernard Zimmerman, Magistrate Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Tim Kronzer appeals two district court summary

judgment orders that resulted in the dismissal of his lawsuit brought under the

Employee Retirement Income Security Act ("ERISA"). He seeks an accounting to

determine whether the Employee Stock Ownership Plan ("ESOP") that he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

participated in was harmed by Appellee Gary Hintz's alleged breaches of fiduciary duty under 29 U.S.C. §§ 1001–1144, statutory damages under 29 U.S.C. § 1132(c)(1), and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).

The alleged ERISA violations stem from the December 2007 sale of Newco K&K, Inc.'s company stock to C.D.S. Engineering, LLC for about $4.5 million or $127.19 per share. The sale included stock owned by the ESOP, which held about 57.37% of the total stock shares, and included all privately owned stock. After the sale, Kronzer, a Newco K&K, Inc. employee and ESOP participant, requested information, including copies of financial statements, from Hintz, who was the trustee of the ESOP.

Hintz gave some information to Kronzer, including some summary data on bank balances, but Hintz did not turn over official bank statements because he apparently believed, based on advice given to him by a third-party professional plan administrator, that he did not need to do so. Kronzer was dissatisfied with the information given and filed suit in the Northern District of California.

The complaint was ambiguous, a point that Kronzer has admitted. The complaint did not allege that Hintz failed to provide any requested information, nor did it ask for statutory remedies under 29 U.S.C. § 1132(c)(1). At a case management conference, the magistrate judge warned Kronzer about the potential

2

consequences of the complaint's ambiguity and gave him an explicit deadline to file an amended complaint. Kronzer never filed an amended complaint.

Despite the claim's absence from the complaint, Kronzer later sought partial summary judgment asserting that discretionary penalties should be awarded under 29 U.S.C. § 1132(c)(1) because Hintz still had not provided the actual bank statements. The motion also requested an accounting to determine whether a $100,000 bonus purportedly paid to Hintz as part of the stock sale was detrimental to the ESOP and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). The magistrate judge issued a tentative order denying the motion but agreeing that Kronzer was entitled to receive the requested documents. Hintz produced the documents before the order was finalized. After receiving the documents, Kronzer tried to withdraw the motion, stating that he was "satisfied," but the magistrate judge denied the withdrawal as untimely.

The magistrate judge then denied Kronzer's motion for partial summary judgment and attorney's fees because there was no evidence that Hintz had received a $100,000 bonus, Kronzer had not raised claims under § 1132(c)(1) in his complaint, and Kronzer did not prevail on his motion. Hintz later moved for summary judgment, which the magistrate judge granted on similar grounds. Kronzer then filed this appeal and request for judicial notice.

Kronzer first contends that the magistrate judge erred in denying him an accounting on the grounds that there was no evidence that Hintz breached a fiduciary duty owed to the ESOP by accepting financial benefits from the stock sale. But under de novo review and drawing all inferences in favor of Kronzer, *see Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011), we hold that the magistrate judge did not err in granting summary judgment to Hintz on this claim. Common stock transactions between Newco K&K, Inc. and its founding members that resulted in the ESOP holding less than 100% of the company stock occurred before the formation of the ESOP and are not relevant to the ERISA claims. Without this evidence, nothing suggests that Hintz breached a fiduciary duty by receiving payment for the sale of his privately owned stock shares. The record also does not provide evidence that Hintz in fact received the $100,000 bonus. To the contrary, the evidence on this issue in the record, including a declaration by Hintz and a Beneficial Maintenance Agreement between Hintz and the stock purchaser, supports a finding that Hintz never received that money.

Kronzer next contends that the magistrate judge erred in denying him statutory damages under 29 U.S.C. § 1132(c)(1) for Hintz's failure to disclose documents as required by 29 U.S.C. § 1024(b)(4). But we do not need to decide whether a breach actually occurred because this claim was not pleaded in the

4

complaint. *See Ins. Co. of N. Am.*, 783 F.2d 1326, 1327–28 (9th Cir. 1986) (holding that a district court did not err when it refused to award relief on a potentially successful claim because that claim was not adjudicated). We reject Kronzer's assertion that his complaint was sufficient to raise this claim under notice pleading standards because the complaint's lack of specificity did not state a plausible claim of relief under 29 U.S.C. § 1132(c)(1) or give the opposing party notice that disclosure violations were being alleged. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (reciting the federal pleading requirements in civil cases (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677–79 (2009))). Kronzer might have corrected this error by amending his complaint during the window provided by the magistrate judge, but he never did so.

Moreover, the magistrate judge acted within his discretion when he acknowledged that, "even if . . . properly ple[a]d[ed,]" he would decline to impose penalties under this provision because Hintz did not act in bad faith and Kronzer was not prejudiced by the delay in receiving the documents. *See* 29 U.S.C. § 1132(c)(1) (containing discretionary language). The record shows that Hintz promptly responded to Kronzer's requests for information and relied on the advice of the assistant plan administrator. Because this finding is supported by facts in the

5

record, the district court did not abuse its discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).

Kronzer finally contends that, even if the claims were properly dismissed, the magistrate judge erred in denying him attorney's fees and costs under 29 U.S.C. § 1132(g)(1). Kronzer requested attorney's fees in both his initial complaint and in his motion for partial summary judgment. In the order denying partial summary judgment, the magistrate judge denied Kronzer fees because he did not "prevail" on the motion. Although the magistrate judge misstated the standard in an ERISA case for deciding whether a party is entitled to attorney's fees, *see Hardt v. Reliance Standard Life Ins. Co.*, __ U.S. __, 130 S. Ct. 2149, 2157–58 (2010) (holding that a claimant in an ERISA action need only achieve "some degree of success on the merits" before obtaining attorney's fees under § 1132(g)(1) and rejecting the "prevailing party" standard in this context), the magistrate judge did not commit reversible error both because the lawsuit was ongoing when the order was issued and because Kronzer did not, as a matter of law, achieve some degree of success on the merits.

Attorney's fees under 29 U.S.C. § 1132(g)(1) require an assessment of whether a party has achieved some degree of success of the merits, which may be difficult to determine until the lawsuit is over and the merits are decided. *See*

6

*Hardt*, 130 S. Ct. at 2152 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).  When Kronzer was denied attorney's fees on his partial summary judgment motion, the lawsuit was still ongoing.  We also reject Kronzer's contention that he did not lose the partial summary judgment motion or the lawsuit as a whole because he achieved what he sought to obtain—the financial documents.  We can affirm for any reason supported by the record, *see United States v. Ortega-Ascanio*, 376 F.3d 879, 885 (9th Cir. 2004) (citing *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir. 1994)).  Prevailing party status is not necessary for fees in an ERISA case, it will be enough if there is some degree of success on the merits.  *Hardt*, 130 S. Ct. at 2156–58.  We hold that a party cannot achieve "some success on the merits" for purposes of an attorney's fee award by obtaining "relief" that was not sought on a claim pleaded in the complaint.  Kronzer did not mention the financial documents or the later-asserted disclosure violations in his complaint, and he did not amend the complaint before the magistrate judge's deadline.  Accordingly, he is ineligible to obtain attorney's fees under 29 U.S.C. § 1132(g)(1).

The pending motion for judicial notice is granted.

**AFFIRMED.**

7