**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITIGROUP INC.; BANCO NACIONAL DE MEXICO, S.A., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SALVADOR VILLAR, <br><br> Defendant-Appellant. | No. 20-55312 <br><br> D.C. No. 2:19-cv-05310-GW-FFM <br><br> MEMORANDUM* |
| CITIGROUP INC.; BANCO NACIONAL DE MEXICO, S.A., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SALVADOR VILLAR, <br><br> Defendant-Appellee. | No. 20-55313 <br><br> D.C. No. 2:19-cv-05310-GW-FFM |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 18, 2020
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ, PAEZ, and OWENS, Circuit Judges.

In No. 20-55312, Defendant Salvador Villar appeals from the district court's issuance of a limited preliminary injunction prohibiting Villar from enforcing a Mexican judgment against Plaintiffs Citigroup Inc. and Banco Nacional De Mexico, S.A. ("Plaintiffs"). In No. 20-55313, Plaintiffs cross-appeal, arguing that the district court erred when it declined to grant Plaintiffs' request for an anti-suit injunction and instead issued the limited injunction. We review our subject matter jurisdiction de novo. *See Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016). We review the district court's decision regarding a foreign anti-suit injunction for abuse of discretion. *See Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. §1292(a)(1). As the parties are familiar with the facts, we do not recount them here. We affirm in the appeal, and we vacate and remand in the cross-appeal.

In his appeal, Villar argues that 12 U.S.C. § 1818(i)(1) divests federal courts of jurisdiction. In this case, it does not. The injunction here does not implicate any of the concerns underlying the statute. The injunction does not "affect" "the issuance or enforcement of" or "review, modify, suspend, terminate, or set aside" the Federal Deposit Insurance Corporation's ("FDIC") Prohibition Order. 12 U.S.C. § 1818(i)(1). The injunction is consistent with the determination made in the FDIC's and the Federal Reserve's letters that enforcement of Villar's Mexican

2

judgment would run afoul of the FDIC's Prohibition Order.

In the cross-appeal, Plaintiffs argue that the district court abused its discretion when it declined to grant Plaintiffs' request for the anti-suit injunction. In deciding whether to issue an anti-suit injunction, a court must consider (1) whether "'the parties and the issues are the same' in both the domestic and foreign actions" and whether "the first action is dispositive of the action to be enjoined"; (2) whether "at least one of the so-called '*Unterweser* factors' applies"; and (3) "whether the injunction's 'impact on comity is tolerable.'" *Microsoft Corp.*, 696 F.3d at 881 (citation omitted). The record does not indicate whether the district court weighed the above factors when it declined to grant the anti-suit injunction, nor does it show whether the district court issued a final order as to the anti-suit injunction in the first place. Furthermore, even though the district court had issued a tentative ruling denying the anti-suit injunction, it is unclear whether the court followed that logic when it ultimately granted the limited injunction instead.

Because the district court did not issue a clear ruling regarding the anti-suit injunction or provide a more robust explanation for its decision, we hold that the record is insufficient for us to conduct a meaningful abuse of discretion review. *See United States v. Mancinas-Flores*, 588 F.3d 677, 683 (9th Cir. 2009) ("Abuse-of-discretion review is not meaningful where a court fails to give reasons for its decision and its reasons are not apparent from the record."); *Ins. Co. of N. Am. v.*

3

*Moore*, 783 F.2d 1326, 1328 (9th Cir. 1986) (per curiam) ("Unless it is clear from the record that the district court's exercise of discretion was based on consideration of the relevant factors, we cannot review the decision for abuse of discretion without benefit of the lower court's reason for deciding as it did." (internal quotation marks and citations omitted)).  Accordingly, we vacate and remand to the district court to issue a final order on Plaintiffs' request for an anti-suit injunction and to provide a more complete explanation of the reasons behind its ruling.

Each party shall bear its own costs on appeal.

**No. 20-55312: AFFIRMED.**

**No. 20-55313: VACATED AND REMANDED.**